IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

**FILED**

MAY 2 2008
5 - 2 - 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ROMEO JACKSON

   PLAINTIFF,

**08CV2597**
**JUDGE ANDERSEN**
**MAG. JUDGE SCHENKIER**

-V-

ILLINOIS DEPARTMENT OF CORRECTIONS,

ILLINOIS DEPARTMENT OF CORRECTIONS
HEALTH CARE UNIT,

Dr.Ghosh, Medical Director of
Stateville Correctional Center
being sued in his offical and
Individually capacity.

Dr.Aguinaldo,Physician at
Stateville Correctional Center
being sued in his offical and
Individually capacity,

Dr.Williams,Physician at
Stateville  Correctional Center
being sued in her offical and
Individually capacity,

Dr.Mitchell,Physician at
Stateville Correctional Center
being sued in her offical and
Individually capacity,

Ms.V.Wright,Warden at
Stateville Correctional Center
being sued in her offical and
Individually capacity,

COMPLAINT UNDER THE CIVIL RIGHTS ACT,
TITLE 42 SECTION 1983 U.S. CODE.

Mr.Dominguez,Warden at
Stateville Correctional Center
being sued in his offical and
Individually capacity,

Ms.C.A.Vance,Medical Administrator at
Stateville Correctional Center
being sued in her offical and
Individually capacity,

Grievance Office being sued
in their offical and Individually
capacity,

   Defendants,

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### COMPLAINT

In this action, plaintiff ROMEO JACKSON, seeks Civil Rights
action committed by the defendants under color of law.
Defendants acts deprived plaintiff of his rights (1) under the
Eighth Amendment of the United States Constitution, in violation
of 42 U.S.C. sec. 1983, and (2) under the Fourteenth Amendment of
the United States Constitution, in violation of 42 U.S.C. sec. 1983.
Plaintiff seeks awards of compensatory and punitive damages for
defendant's conduct.

Plaintiff:

A. Name: ROMEO JACKSON

B. List all aliases: N/A

C. Prisoner Identification number: B43511

D. Place of present confinement: STATEVILLE CORRECTIONAL CENTER

E. Address: P.O.Box-112 Joliet,Illinois 60434


List all lawsuits you have filed in any state or federal court in
the United States:

A. Name of case and docket number:__92 C 4498_____
_____Jackson V. Fairman,et,al.__

B. Approximate date of filing lawsuit:_approximate date unknown -1992_

C.List all plaintiff,including any aliases:_Romeo Jackson_____

D. List all defendants:__J.W.Fairmen, I do not know the names of__
_the other defendants._____

E. Court in which the lawsuit was filed:_U.S.District Court_____

F. Name the judge whom case was assigned:_Judge Kocoras_____

G. Basic claim made:_Excessive use of force_____

H. Disposition of this case(for example: Was the case dismissed?
Was it Appealed? Is it still pending?):_Settlement_____

I. Approxmimate date of disposition:__N/A_____



Plaintiff:

A. Name: ROMEO JACKSON
B. List all aliases: N/A
C. Prisoner Identification number: B43511
D. Place of present confinement: STATEVILLE CORRECTIONAL CENTER
E. Address: P.O.Box-112 Joliet,Illinois 60434


List all lawsuits you have filed in any state or federal court in
the United States:

A. Name of case and docket number:  95 C 931
       Jackson V.Shawgo
B. Approximate date of filing lawsuit: Approximate date unknown 1995
C.List all plaintiff,including any aliases: Romeo Jackson
D. List all defendants:  William Shawgo


E. Court in which the lawsuit was filed:  U.S.District Court

F. Name the judge whom case was assigned:  Judge Kocoras

G. Basic claim made:  Excessive use of force

H. Disposition of this case(for example: Was the case dismissed?
Was it Appealed? Is it still pending?):  Settlement


I. Approxmimate date of disposition:  N/A




Plaintiff:

A. Name: ROMEO JACKSON
B. List all aliases: N/A
C. Prisoner Identification number: B43511
D. Place of present confinement: STATEVILLE CORRECTIONAL CENTER
E. Address: P.O.Box-112 Joliet,Illinois 60434


List all lawsuits you have filed in any state or federal court in
the United States:

A. Name of case and docket number: 99 C 4225
    Jackson V. Washington
B. Approximate date of filing lawsuit: Approximate date unknown- 1999
C. List all plaintiff,including any aliases: Romeo Jackson
D. List all defendants: Odie Washington.Dr.Sood- other defendants
I am unable to remember .


E. Court in which the lawsuit was filed: U.S.District Court


F. Name the judge whom case was assigned: Judge Kocoras


G. Basic claim made: Medical/ refusal to see specialist


H. Disposition of this case(for example: Was the case dismissed?
Was it Appealed? Is it still pending?): DISMISSED AND APPEALED.
Appealed was dismissed.


I. Approxmimate date of disposition:  8/99 the Appealed was
dismissed.




## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. sec. 1983,
and the Eighth and Fourteenth Amendments of the United States
Constitution. This Court has jurisdiction over these federal
claims pursuant to 42 U.S.C. sec. 1343. The Court also has pendent
jurisdiction over the State law claims.

2. Venue is proper in this district pursuant to 28 U.S.C. sec.
1391 (b) because the events giving rise to the cause of action
occurred in this district.

## PARTIES

1. At all times relevant to this litigation, plaintiff
Romeo Jackson ("JACKSON") has been an inmate incarcerated in the
Stateville Correctional Center in Joliet, Illinois.

2. At all times relevant to this litigation, defendant Dr.Ghosh
("GHOSH") has been employed by the Illinois Department of Corrections
as a Medical Director.

3. At all times relevant to this litigation, defendant Dr.Aguinaldo
("Aguinaldo") has been employed by the Illinois Department of
Corrections as a physician.

4. At all times relevant to this litigation, defendant Dr.Williams
("WILLIAMS") has been employed by the Illinois Department of
Corrections as a physician.

5. At all times relevant to this litigation, defendant Dr.Mitchell ("MITCHELL") has been employed by the Illinois Department of Corrections as a physician.

6. At all times relevant to this litigation, defendant Venita Wright ("WRIGHT") has been employed by the Illinois Department of Corrections as a Warden of Programs.

7. At all times relevant to this litigation, defendant Mr.Dominguez ("DOMINGUEZ") has been employed by the Illinois Department of Corrections as a Warden of Security.

8. At all times relevant to this litigation, defendant C.A.Vance ("VANCE") has been employed by the Illinois Department of Corrections as a Health Care Administartor.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STATEMENT OF FACTS

On November 01,2006, Inmate ROMEO JACKSON, Reg No.B43511 was sent to UIC for outpatient surgery. The plaintiff was taken from the holding area to the surgery clinic and preped for surgery. The surgery lasted about 90min. and the plaintiff was taken to the recorvery area. Once the plaintiff woke up he was feeling the side affects from the Anesthesia. The plaintiff was in some pain,one of the nurse's gave the plaintiff something for the pain. While still dizzy the plaintiff was told to get dressed & he complied. The nurse explained to the plaintiff to keep his foot dry and elevated, she also explained how to walk with the crutches.

The plaintiff walked with his crutches down to the loading dock where he was placed into a IDOC van and drove back to the holding area, where the staff picked up the rest of the Inmates to be transported back to Stateville Correctional Center. The Plaintiff arrived back at the prison and was taken to the Health Care Unit. The medical staff on duty reviewed his paper work and told the plaintiff that he would have to stay in the Health Care Unit to be seen by Dr.Ghosh the following morning, the plaintiff complied.

The Plaintiff was seen by the Medical Director Dr.Ghosh the following morning to see if he was ok. Dr.Ghosh discharged the plaintiff and stated that he would order the antibiotic's that UIC ordered, he also gave the plaintiff something for the pain.

After a few weeks went by the plaintiff requested a copy of his medical records and found out that he was suppose to have returned back to UIC one week later, however that did not take place until December 11,2006.

On December 11,2006 the plaintiff was sent back to UIC to be seen by Dr.Fried. This is the doctor who performed the surgery on the plaintiff as well as past surgeries. Dr.Fried took one look at the plaintiff's foot and leg and stated that his foot was infected. Dr.Fried wrote an order for the following:
1. JOBST STOCKING 20/30 OR TED HOSE
2. ANTIBIOTIC'S CLINDAMYCIN 450mg tid
3. REST prn
4. PHYSICAL THERAPY 3x WEEK WHIRLPOOL 6WKS
5. CONFORM 1270 SHOES
6. RETURN IN 4 WEEKS
The only thing that the plaintiff received was the antibiotic's.

On January 2007 the plaintiff filed a grievance requesting why he did not return to UIC as ordered and why he did not receive the shoes and the other items that were ordered. This grievance has never been answered. The plaintiff submitted several slips for sick call about his foot problem & swollen testical. The plaintiff was given some medication for the testical, however the medication did not work. The plaintiff still suffer from this problem today, and nothing was done about the shoes.

Several attempts were made & request to the medical staff asking to see Dr.Ghosh about his feet and nothing was done about it. I wrote my concerns to Dr.Mitchell who was the Health Care Unit Administrator about this matter and again nothing was done. I sent letters to the grievance office as well and there was no reply.

The Plaintiff spoke to the following staff about this matter in person: Warden Wright, Warden Dominguez, Dr.Mitchell, Dr.Aguinaldo Dr.Williams, Russell, Counselor Haan, Counselor Dockery, Food Supervisor, Debbie Gerggor.

Plaintiff had a food supervisor walk him to the Health Care Unit to address the issue and the medical staff refuse to see or treat the plaintiff medical needs. Plaintiff informed medical staff Debbie Greggor as well as showed her the order from UIC & she stated that it was up to Dr.Ghosh and that he had to write the order for the shoes, however Debbie Greggor already knew that the plaintiff was suppose to receive the shoes and that the plaintiff has been receiving the shoes since 2000.

Several request were made to see someone about his feet & swollen
testial. In June 2007 the plaintiff filed a second grievance, his
counselor was Ms.Haan. The counselor Ms.Haan wrote her reply and
sent the grievance back to the plaintiff, in which the plaintiff
sent to the grievance office. The plaintiff was seen by Dr.Ghosh
in August 2007 for the testical issue and he stated that he did
not see anything wrong, he also stated to the plaintiff that
Stateville Correctional Center do noy supply shoes any more.
Plaintiff told Dr.Ghosh that there was a standing order for the
shoes and that he will need another surgery to correct the problem,
and that if you had ordered the necessary medical treatment that
the plaintiff might not need another surgery.

Plaintiff wrote letters to Warden Wright, Warden Dominguez,
Dr.Mitchell, Grievance Office, Dr.Ghosh, ab out the shoes and why
the Health Care Unit has refuse to answer the grievance.

Plaintiff was called up to the Health Care Unit to see Dr.Ghosh
on November 13,2007 to see if he was going to make a consult
request for the plaintiff to see Dr.Fried at UIC. Dr.Ghosh Refused to
see the plaintiff!

On September 15,2007 plaintiff filed an emergency grievance to
Warden McCain office. Warden McCain signed off on the grievance
September 18,2007 with the box checked that it was not an emergency.
The Grievance office received the emergency grievance September
19,2007 & the grievane officer stated that she spoke to the
Health Care Unit Administrator C.A.Vance! C.A.Vance stated that
she spoke to Dr.ghosh & he said there were no shoes ordered and
on other medical treatment ordered.

Tammy Garcia investigated the plaintiff's grievancewith a phone
call - no one from the grievance officespoke to the plaintiff or
seen him.This is howmost of the grievances are investigated. If
Tammy garcia had investigated the plaintiff grievance why didn't
she reply to the grievance dated January 2007 or June 2007? It
seems that when the plaintiff filed an emergency grievance to the
Warden along withthe letters they got right on top of this matter.

C.A.Vance stated that she investigated the plaintiff grievance &
reviewed his chart, and stated that there were no shoes or other
medical treatments ordered. Why didn't C.A.Vance call to speak to
me or just look at my medical records. This was a half baked
investigation. Dr.Ghosh did not pay attention to the UIC (Rx) for
the shoes and other medical treatment. C.A.Vance did not take the
time to properly investigate this matter, if she had done the
investigation like she was supposeto have done, she would have
calledand sopke to the plaintiff to get his side of the story,
but choose to speak to the one person that I am making a complaint
about (Dr.Ghosh)!

1. The defendant Dr.Ghosh is the Medical Director at Stateville Correctional Center.

2. The defendant Dr.Ghosh wrote a consult for the plaintiff to be seen at UIC orthopedic clinic.

3. On November 01,2006 plaintiff was sent to UIC for outpatient surgery on his foot.

4. Plaintiff was returned to Stateville Correctional Center the same day with order's to keep his foot dry & elevated.

5. Plaintiff was perscribed antibiotic's Clindamycin 450mg.

6. Plaintiff was supposed to have returned back to UIC one week later November 08,2006, however that did not take place. SEE EX. 13

7. The plaintiff was sent back to UIC for follow up on December 11,2006.

8. The UIC doctor Dr.Fried took one look at the plaintiff foot & leg and said that it was infected.

9. Dr.Fried of UIC wrote an order for the plaintiff to receive some antibiotic's Clindamycin 450mg for the infection on December 11,2006.

10. That on the same order for the antibiotic's, Dr.Fried also ordered ( JOBST STOCKING 20/30 OR TED HOSE, REST PRN, PHYSICAL THERAPY 3x WEEK, WHIRLPOOL 6WKS, RETURN IN 4WKS ). SEE EX. 14

11. That defendant Dr.Ghosh only ordered the plaintiff antibiotic's and disregarded the other medical treatment that was ordered on December 11,2006.

12. That Dr.Ghosh was DELIBERATELY INDIFFERENCE to the plaintiff medical needs.

13. That defendant Dr.Ghosh refused to send the plaintiff back to UIC for follow up 4wks later as it was ordered by Dr.Fried on December 11,2006.

14. That defendant Dr.Ghosh actions were malicious & intentional.

15. That Dr.Ghosh knew that there was a standing order for the plaintiff to receive shoes & other medical treatment.

16. That Dr.Ghosh knew the potential risk of harm to the plaintiff if not treated.

17. That Dr.Ghosh knew the Substantial & Excessive risk to the Health & Safty to the plaintiff.

18. That a food supervisor walked the plaintiff up to the Health Care Unit to see Dr.Ghosh & he refused to see the plaintiff.

19. That Dr.Ghosh made an attempted to treat the plaintiff for swollen testical.

20. That the plaintiff still complains about swollen testical, Dr.Ghosh has stated that there is nothing else that he can do for the plaintiff.

21. That the plaintiffwas seen by Dr.Ghosh, Dr.Williams, Dr.Aguinaldo for this problem.

22. That the plaintiff still suffer from this condition.

23. That Dr.Ghosh is NEGLIGENCE for not treating the plaintiff for his medical needs.

24. That Dr.Ghosh disregarded the plaintiff request for medical treatment for his medical issues.

25. That plaintiff will have to undergo another painful surgery to correct the problem caused by Dr.Ghosh actions.


### Dr. Aguinaldo


1. That Dr.Aguinaldo is a physician at Stateville Correctional Center.

2. That the plaintiff was seen by Dr.Aguinaldo several times.

3. Each time the plaintiff was seen by Dr.Aguinaldo, the plaintiff expressed his concerns about the shoes and other medical treatment that were ordered December 11,2006.

4. That the plaintiff expressed his concerns about the problem he was having with a swollen testical.

5. That the plaintiff was checked by Dr.Aguinaldo several times for a hernia.

6. That each time plaintiff was seen by Dr.Aguinaldo, the plaintiff asked what was causing the problem with the swollen testicl.

7. That Dr.Aguinaldo stated to the plaintiff that there was nothing wrong.

8. That the plaintiff expressed his need to be treated for the problem.

9. That Dr.Aguinaldo would make jokes that the plaintiff would be fine.

10. That Dr.Aguinaldo stated that he would talk to Dr.ghosh about this matter.

11. That Dr.Aguinaldo knew that the plaintiff was in pain and did not give the plaintiff anything for the pain.

12. That Dr.Aguinaldo knew the potential risk of harm to the plaintiff if not treated.

13. That Dr.Aguinaldo actions were intentional & Malicious in nature.

14. That Dr.Aguinaldo was DELIBERATELY INDEFFERENCE towards the plaintiff medical needs.

15. That Dr.Aguinaldo knew the SUBSTANTIAL & EXCESSIVE risk to the health and safty to the plaintiff.

16. That Dr.Aguinaldo was NEGLIGENCE for not treating the plaintiff.

17. That Dr.Aguinaldo knew that there was a standing order for the plaintiff to receive shoes and other medical treatment.

18. That Dr.Aguinaldo as a physician should have treated the plaintiff for his medical issues.

19. That Dr.Aguinaldo disregraded the plaintiff medical needs.


### DR. WILLIAMS

1. That Dr.williams is a physician at Stateville Correctional Center.

2. That the plaintiff was seen by Dr.Williams several times.

3.Each time the plaintiff was seen by Dr.Williams, the plaintiff expressed his concerns about the the shoes and other medical treatment that were ordered December 11,2006.

4. That the plaintiff expressed his concerns about the problem he was having with swollen testical.

18. That the plaintiff informed Dr.Mitchell that if his shoes were not ordered soon that he would have further problems with his feet.

19 That the plaintiff informed Dr.Mitchell that he will have to undergo another painful surgery to correct the problem.

20. That the plaintiff spoke to Dr.Mitchell in the presence of Warden Wright about this matter.

21. That Dr.Mitchell as a physician knowingly should have treated the plaintiff.

22. That as acting HEALTH CARE UNIT ADMINISTRATOR Dr.Mitchell was obligated to act and do something, it was her duty.

23. That Dr.Mitchell has not reviewed my medical records or tried to intervene in this matter.

24. That a food supervisor was present several times when the plaintiff spoke to Dr.Mitchell about his medical shoes & other medical issues.

### WARDEN WRIGHT

1. That Venita Wright is the Warden at Stateville Correctional Center.

2. That the HEALTH CARE UNIT is under her department.

3. That Warden Wright was informed about the standing order that UIC wrote for the plaintiff about shoes and other medical treatment that was ordered December 11,2006.

4. That the plaintiff wrote several letters to Warden Wright about getting proper medical treatment.

5. That the plaintiff spoke to Warden Wright in person about getting the shoes and other medical treatment that UIC ordered.

6. That Warden Wright stated to the plaintiff that she told the health care unit to address this matter.

7. That Warden Wright came into the general kitchen several times where the plaintiff asked her why is the health care unit refusing to order the shoes.

8. That warden Wright came into the general kitchen with Dr.Mitchell and again the plaintiff asked why the health care unit refuse to comply with the standing order and why the health care unit has refused to comply with your order to address this matter.

9. That the plaintiff asked Warden Wright once again about his shoes in front of a food supervisor, warden Wright ensured the plaintiff that the health care unit is going to address this matter.

10. That warden Wright was DELIBERATELY INDIFFERENCE  to the plaintiff medical needs.

11. That Warden Wright disregared all of the plaintiff medical needs nor did she even try to aide the plaintiff in his time of need.

12. That the HEALTH CARE UNIT is under her control, Warden Wright could have ordered the plaintiff to be seen by Dr.Ghosh.

13. That the plaintiff informed Warden Wright that he will have to undergo another painful surgery to correct the problem.

14. That Warden Wright could have intervene in this matter, however choose not to do anything about it.

15. That Warden Wright knowingly & willfully refused to get the plaintiff the necessary medical treatment.

16. That Warden Wright actions were INTENTIONAL & MALICIOUS towards the plaintiff medical needs.

17. That Warden Wright knew the SUBSTANTIAL & EXCESSIVE risk to the health and safty to the plaintiff.

18. That Warden Wright knew the potential risk of harm to the plaintiff if not treated.

19. That Warden Wright did not even try to get a copy of the standing order that UIC wrote on December 11,2006.

20. Warden Wright as Warden of programs & that the HEALTH CARE UNIT is part of her department, Warden Wright was obligated to get the plaintiff the plaintiff the necessary medical treatment.

## WARDEN  DOMINGUEZ

1. Realleged paragraph 3 - 19 of Warden Wright as 1-17 for Warden Dominguez.

5. That the plaintiff was checked by Dr.Williams several times for a hernia.

6. That the plaintiff expressed his needs to be treated for this problem.

7. That Dr.Williams stated that she would speak to Dr.Ghosh about the standing order in his file.

8. That each time plaintiff was seen by Dr.Williams, the plaintiff asked what was causing the problem with the swollen testical.

9. That the plaintiff seen Dr.Williams several times about this matter and she refused to treat the plaintiff for the problem.

10. That Dr.Williams knew the potential risk of harm to the plaintiff if not treated.

11. That Dr.Williams knew that the plaintiff was in pain and did not give the plaintiff anything for it.

12. That Dr.Williams actions were Intentional & Malicious.

13. That Dr.Williams was DELIBERATELY INDIFFERENCE to the plaintiff medical needs.

14. That Dr.Williams knowingly & willfully refused to treat the plaintiff for his medical needs.

15. That Dr.Williams knew the SUBSTANTIAL & EXCESSIVE risk to the health and safty to the plaintiff.

16. That Dr.Williams was NEGLIGENCE for not treating the plaintiff for his medical issues.

17. That Dr.Williams as a physician should have treated the palintiff for his medical needs.

18. That Dr.Williams disregarded the plaintiff medical needs.

## DR. MITCHELL

1. That Dr.Mitchell is a physician at Stateville Correctional Center.

2. That Dr.Mitchell was the acting Health Care Admimistrator at the time.

3. That the plaintiff wrote several letters to Dr.Mitchell about the standing order for shoes and other medical treatment that was ordered by UIC.

4. That Dr.Mitchell disregarded all of the plaintiff letters by not replying to the plaintiff.

5. That the plaintiff spoke to Dr.Mitchell in person about the shoes.

6. That Dr.Mitchell ensured the plaintiff that she would look into the matter once she speaks to Dr.Ghosh.

7. That the plaintiff spoke to Dr.Mitchell several times in the general kitchen about the shoes and other medical treatment.

8. That a food supervisor was present several times when the plaintiff spoke to Dr.Mitchell about the standing order.

9. That Dr.Mitchell knew that the plaintiff has had several surgeries on both of his feet.

10. That Dr.Mitchell was DELIBERATELY INDIFFERENCE to the plaintiff medical needs.

11. That Dr.Mitchell was NEGLIGENCE for not treating the plaintiff by not assisting him with the shoes and standing orders UIC wrote.

12. That the plaintiff informed Dr.Mitchell about the swollen testical.

13. That Dr.Mitchell disregarded all of the plaintiff medical issues nor did she even try to aide the plaintiff in his time of need.

14. That Dr.Mitchell knew the potential risk of harm to the plaintiff if not treated.

15. That Dr.Mitchell actions were INTENTIONAL & MALICIOUS towards the plaintiff medical needs.

16. That Dr.Mitchell knowingly & willfuly refused to treat the plaintiff for the swolloen testical and not doing anything about his shoes and other medical treatments.

17. That Dr.Mitchell knew the SUBSTANTIAL & EXCESSIVE risk to the health and safty to the plaintiff.

## C.A.VANCE

1. That C.A.Vance is the HEALTH CARE UNIT ADMINISTRATOR at Stateville Correctional Center.

2. That C.A.Vance only replied to the grievance after the plaintiff filed an emergency grievance to Warden McCain.

3. That C.A.Vance stated that she investigated the plaintiff matter and that their were no shoes ordered & no other medical treatment ordered. SEE EX 15

4. That C.A.Vance stated that she reviewed the plaintiff chart and that there were no shoes ordered & no other medical treatment ordered. SEE Ex 12

5. That C.A.Vance wrote a false reply to the plaintiff.

6. That C.A.Vance has conspired with the rest of the defendants to keep the plaintiff from receiving the proper medical treatment.

7. That C.A.Vance has perjured her self by sending the plaintiff a false reply.

8. That C.A.Vance was DELIBERATELY INDIFFERENCE to the plaintiff medical needs.

9. That C.A.Vance is the HEALTH CARE UNIT ADMINISTRATOR, she had the power to have the plaintiff called up to the health care unit to be seen, as well as to get to the bottom of this matter. C.A.Vance choose not to internene.

10. That C.A.Vance has never spoken to the plaintiff in person, so she could not have investigated this matter as she have stated.

11. That C.A.Vance should not have relied on hearsay or other people to get her information. C.A.Vance could have interviewed the plaintiff and he would have showed her a copy of the medical records in question.

12. That C.A.Vance has chose to stand by her investigation 100%. and did not try to interviwe the plaintiff about his medical needs.

13. That C.A.Vance knew the SUBSTANTIAL & EXCESSIVE risk to the health and safty of the plaintiff.

14. That C.A.Vance knew the potential risk of harm to the plaintiff if not treated, and still refuse to treat the plaintiff for his medical issues.

15. That C.A.Vance could have looked into the plaintiff medical records and found the standing order that UIC wrote on December 11,2006, however she did not review the plaintiff chart as she stated. SEE Ex *14* .

16. That C.A.Vance knowingly & willfully have denied the plaintiff the proper medical treatment.

17. That C.A.Vance actions were INTENTIONAL & MALICIOUS TOWARDS the plaintiff medical needs.

18. That C.A.Vance blatant disregarded all the plaintiff medical needs nor did she ever try to aide the plaintiff in his time of need for medical assistance.

19. That C.A.Vance could have called the plaintiff up to the health care unit to see Dr.Ghosh & her self to clear this matter up.

20. That C.A.Vance as the HEALTH CARE UNIT ADMINISTRATOR and her department was obligated to get the plaintiff the necessary medical treatment that he so much needed.

### GRIEVANCE OFFICE

1. That the grievance office is suppose to conduct an investigation of the information that is being grieved befor them.

2. That at any given time there is someone diffirent who is in chrage of the grievance office, and they do not know what has been adressed.

3. That the grievance office is under the control of the Warden of Programs.

$. That the grievance office has not or will not reply to a standing grievance in a timely manner.

5. That no one from the grievance office ever talked to me about my grievance or the standing medical order.

6. That the grievance office has conspired with the rest of the defendants to keep the plaintiff from receiving proper medical treatment.

7. That the grievance office should not have relied on hearsay or other people to get their information.

8. That the grievance office could have interviewed the plaintiff and he would have shown them a copy of the medical records in question.

9. That the grievance office could have asked about the standing order that was in his medical file, but choose not aide in this matter.

10. that the grievance office was DELIBERATELY INDIFFERENCE to the plaintiff medical needs.

11. That the grievance office chose to stand by there investigation 100% and did nothing further.

12. That the grievance office knew the SUBSTANTIAL & EXCESSIVE risk to te health and safty of the plaintiff.

13. That the grievance office knew the potential risk of harm to the plaintiff if not treated, and still refuse to get the plaintiff the proper treatment.

14. That the grievance office knowingly & willfully have denied the plaintiff the proper medical treatment.

15. That the grievance office actions were INTENTIONAL & MALICIOUS towards the plaintiff medical needs

16. That the grievance office blatant disregarded all the plaintiff medical nor did the grievance office ever try to assist the plaintiff in this matter.


Romeo Jackson
Reg No.B43511
POB-112
Joliet,Illinois
60434

Romeo Jackson

16

That the plaintiff has in good faith presented the facts in this matter against the defendants to the best of his ability and to ensure that the facts are true and correct.

That all of the defendants had the chance to assist the plaintiff in this matter, however they choose not to aide the plaintiff. Each defendant had the power to get the plaintiff the proper medical treatment and each one has not done anything to help the plaintiff. That the plaintiff is still submitting sick-calls slips to see Dr.Ghosh. That the plaintiff will have to undergo another painful surgery to repair the problem in both of his feet. That there is a standing order for shoes and other medical treatment that UIC wrote on December 11,2006 that has not been forefilled. Had the medical director and other staff had listen and looked at the documents that the plaintiff was talking about, they would have seen what was ordered. C.A.Vance has made a statement that she reviewed the plaintiff chart and that there was noorder for shoes & other medical treatment, as well as Dr.Ghosh has concured.

### RELIEF

1.Wherefore, the plaintiff,Romeo Jackson respectfully request this Court to grant him compensatory damages in the amount of $250.000.00

2.Wherefore, the plaintiff Romeo Jackson respectfully request this Court to grant him punitive damages in the amount of $250.000.00 jointly & severally.

3.Order that the plaintiff be taken to UIC for corrective surgery on both of his feet. That his shoes are ordered. that all of his medical needs are met.

Romeo Jackson
Reg No.B43511
POB-112
Joliet,Ill
60434

Romeo Jackson

Subscribed and Sworn to
befor me this _8TH_ day of _APRIL_ 2008

notary Public

OFFICIAL SEAL
SHERWIN K. MILES
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-20-2008

17

STATE OF ILLINOIS )
                  )
COUNTY OF WILL    ) SS
                  )


## A F F I D A V I T


I, Romeo Jackson, being first duly sworn upon oath, deposes and states that I have read the foregoing documents and that the following matters contained therein are both ture and correct in substance and in fact, to the best of my personal knowledge and belief, and if called as a witness I am competent to testify thereof.

FURTHER AFFIANT SYATH NOT.



Respectfully Submitted,


/ss/ _[signature]_

        Romeo Jackson
        REG NO. B43511
        POB ##@
        Joliet, Illinois
        60434



Subscribed and sworn to befor me
this  8th  day of  APRIL

_[signature]_
N O T A R Y   P U B L I C

OFFICIAL SEAL
SHERWIG K. MILES
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-20-2008

18

EX __1__ .

## GRIEVANCE WAS MAILED TO
## THE (ARB) ON NOVEMBER 19,2007
## CERTIFIED MAIL W/RETURN RECEIPT.



STATE OF ILLINOIS
DEPARTMENT OF CORRECTIONS

# REQUEST FOR PAYMENT

Name (print): _____    I.D. No. _____    Housing Unit: _____

Please day to: _____    Date: _____ 20 _____

Address: _____

City _____ State _____ Zip: _____

The sum of _____ dollars and _____ cents

and charge to my account, for _____

_____

Inmate Signature _____    ID No. _____

**REQUEST FOR PAYMENT OF POSTAGE**

I hereby request and authorize payment of
postage for the attached mail.

ID No. _____

Inmate Signature _____

☐ APPROVED

☐ NOT APPROVED

Supervisor Authorizing/Disbursing Officer _____   Witness _____

**FOR TRUST FUND USE ONLY**

Trust Fund Balance                    $ _____
Less amount of payment                $ _____
Current balance after payment         $ _____

Check No. _____    Date _____

**REQUEST FOR PAYMENT OF POSTAGE.**

Postage requested
in the amount of _____ dollars _____ cents

☐ Postage Paid # __1005 3110 0003 7556 1580__

**FOR JUVENILE DIVISION USE ONLY**

Received by: _____    (Staff)    (Date)

Received by: _____    (Youth)    (Date)

Business Office _____

DC 828 (09/91)                                                                IL 426-0207

(19)

1-13-07

Ex - 2

Dr.Mitchell
HUC Administrator

Dr.Mitchell:

I hope that this letter will find you in the best of health and
spirit. The UIC doctor wrote an order for me to receive shoes &
other medical treatment. will you look into this matter for me.

Respecrfully Submitted,

Romeo Jackson

Ex - 3

2-09-07

Dr.Mitchell:

I am writing to you about the medical treatment that UIC ordered.
They ordered shoes and other medical treatment. will you look
into this matter for me to see whats going on.

Respectfully Submitted,

Romeo Jackson

21

Ex - 4

3-21-07

Dr.Mitchell:

Why haven't the medical department ordered the shoes that UIC
ordered and the other medical treatment. I need the shoes to help
the healing process. will you look into this matter and let me
know something.

Respectfully Submitted,

ROMEO JACKSON

22

4-18-07   *Ex~5*

Dr.Mitchell:

You said to write a letter to you when I spoke to you the other
day. We have a problem about the staff not ordering the medical
shoes and the other medical treatment that UIC ordered. will you
look at this matter for me.


Respectfully Submitted,

Romeo Jackson

5-5-07    $EX - 6$

Dr.Mitchell

You office have not replied to any of my letters about the shoes
and other medical treatment that UIC ordered. Will you please
look into this matter ASAP!

Respectfully Submitted,
Romeo Jackson

*EX - 7*

7-02-07

Dr.Mitchell

Since your office has not replied to any of my letters  about the
shoes and other medical treatment that UIC ordered. I wil have to
have another surgery to correct the problem. the shoes were
suppose to help with the healing. I need to see the foot doctor.
also I need to see Dr.Ghosh about my feet.

Respectfully Submitted,

Romeo Jackson

*Ex-8*

*Received 1-8-08 from (GO) to not from ARB*

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

Offender: **Jackson**      **Romeo**      **B43511**
          Last Name         First Name      MI      ID#

Facility: **Stateville**

☒ Grievance (Local Grievance # (if applicable): **1397**     ) or   ☐ Correspondence

Received: **12, 3, 07**   Regarding: **Shoe, foot, swollen testicles**
          Date

---

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Use the Committed Person's Grievance Report, DOC 0047 (formerly DC 5657), including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide a copy of the Committed Person's Grievance, DOC 0046 (formerly DC 5657) including the counselor's response if applicable).

☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to:   Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL   62794-9277

---

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Good Conduct Credits (GCC) to Adjustment Committee. If request is denied, utilize the inmate grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to:  Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL   62706

---

**No further redress:**

☐ Award of Meritorious Good Time (MGT) and Statutory Meritorious Good Time (SMGT) are administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☒ This office previously addressed this issue on **10, 16, 06 ; 4-20-06**
                                                        Date

☒ No justification provided for additional consideration.

---

**Other (specify):** **Does not appear additional information has been provided.**

---

Completed by: _____   **Sherry Benton**      **1, 31, 08**
              Print Name                   Signature             Date

Distribution:  Offender; Inmate Issues

DOC 0070 (10/2001)
(Replaces DC 710-1274)

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE

| | |
|---|---|
| Date Presented: | |
| Offender: | |
| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Medical Treatment
- [ ] Dietary
- [ ] ☒ Medical Treatment
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Reinstatement of Good Time
- [ ] HIPAA
- [ ] Disability
- [ ] Other (specify)

- [ ] Other (specify)

RECEIVED
SEP 1 8 2007

Complaint: Attach a copy of any pertinent document...

**Brief Summary of Grievance:** This is my third grievance about not getting proper medical treatment for [illegible] ... [handwritten, largely illegible] ... that he will not be bothered to reply to any grievance about medical.

**Relief Requested:**

Signature: Ennis Gaston

9 15 '07

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

---

**Counselor's Response (if applicable)**

Date Received: ___

Response: ___

---

**EMERGENCY REVIEW**

Date Received: 9/18/07

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

W. McCann    9/18/07

RECEIVED

OFFENDER'S GRIEVANCE (Continued)

treated at all. I have followed all the rules
+ procedures of IDOC with concern to the grievance
process + it all has fallen on deaf ears.

On Nov 06 I was sent to UIC for surgery on my foot
+ I was suppose to have returned one week later. I
returned back to UIC on Dec. 11, 07 at which the UIC doctor
wrote an order for my shoes along with (3) other orders
+ none of the orders was filled except the antibiotics.
The shoes were apart of my healing process + if you were
to look at my foot this UIC ordered that I'll have
special shoes + I would need these where the rest of my
life, it is 9 months later + I still do not have the
shoes, to make matters worse I will have to undergo
another surgery to correct what's wrong due to the fact that
the HCU + Dr. Ghosh refused to comply with the UIC order.
I saw Dr. Ghosh on 8-07 + he stated that IDOC do not
supply the shoes anymore.

Also I'm still having trouble with a swollen
testical that's been going on for the last 2 years. All they
have been doing is giving me some pills + none of them
have worked. I can't get a clear answer from anyone
as to what's wrong or why this is happening.

Ex-9

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report | | |
|---|---|---|

Date Received: September 19, 2007    Date of Review: November 9, 2007    Grievance # 1397

Inmate #: B43511

Committed Person: Romeo Jackson

Nature of Grievance: Medical Tx

Facts Reviewed: Grievant alleges not getting proper medical treatment and after getting surgery he should have gotten orthopedic shoes.

Relief Requested: treatment & shoes

Grievance written: 9-15-07

Sent to HCU: 9-19-07

Medical response received: 11-8-07

Per HCU Administrator, C.A. Vance, RN, MSN: I spoke with the physician; patient did have foot surgery. There are no special shoes ordered. There are no other medical treatments ordered. The patient is working.

It appears that this grievance issue has been resolved.

This Grievance Officer has no medical expertise or authority to contradict the doctor's recommendation/diagnosis.

**RECEIVED**

DEC - 3 2007

OFFICE OF
INMATE ISSUES

Recommendation: No further action necessary at this time.

_Tammy Garcia_
Print Grievance Officer's Name                    Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | | |
|---|---|---|

Date Received: 11-14-07    ☒ I concur    ☐ I do not concur    ☐ Remand

Comments:

_____                    11-14-07
Chief Administrative Officer's Signature                    Date

| Committed Person's Appeal To The Director | | |
|---|---|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_Romeo Jackson_          B43511          11/19/07
Committed Person's Signature          ID#          Date

J7

Distribution:  Master File, Committed Person                    Page 1                    DOC 0047 (Eff. 10/2001)
                    Printed on Recycled Paper                    (Replaces DC 5657)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 1-4-06 | Offender: (Please Print) JACKSON, ROMES | ID#: B43511 |
|---|---|---|
| Present Facility: Stateville CC - | Facility where grievance issue occurred: SAME | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☒ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☐ Other (specify) _____

☐ Disciplinary Report: ____/____/____
Date of Report      Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On 12-11-06 I was sent back to UIC for follow up. I inmate Jackson #B43511 had foot surgery performed on 11-1-06. Once this inmate was seen by Dr. Fried of UIC he stated that my feet was still infected. Dr. Fried wrote a standing order to the Health Care Unit stating the following he ordered for inmate Jackson #B43511 (1. TobS + Stocking 20/30 or Ted Hose) (2. Clindamycin 450mg TID) (3. Rest PRN) (4. Physical Therapy 3X a week + Whirlpool for 6 weeks) (5. Shoes)

Relief Requested: I need the shoes + other medical treatment + my appointment to see Dr. Fried at UIC. To be seen by the foot doctor when needed.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Romes Jackson      B43511      1, 4, 06
Offender's Signature      ID#      Date

(Continue on reverse side if necessary)

| **Counselor's Response (if applicable)** | |
|---|---|
| Date Received: ____/____/____ ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

Print Counselor's Name ____ Counselor's Signature ____ Date of Response ____

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: ____/____/____ | Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

Chief Administrative Officer's Signature ____ Date ____

Distribution: Master File; Offender      30      Page 1      DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

*Ex - 12*

GRIEVANCE

11-05-07

*Received
11/12/07*

Romeo Jackson
B43511

I investigated this grievance.

This patient wrote grievances as follows:
09-15-07
09-16-07
10-16-07

(1)
Feels he is not getting "proper" medical treatment.
He went to the U of I for surgery on his foot.
He relates that orders were written and that he was to receive special shoes.
He also complains about a swollen testicle

(2)
Again relates that he had foot surgery and is supposed to receive special shoes and
"other" medical treatment.

(3)
A synopsis of the other two grievances

I spoke with the physician:
Patient did have foot surgery
There are no special shoes ordered
There are no other medical treatments ordered
The patient is working.

C. A. Vance, RN, MSN, HCUA

*C V ance, HCVA*



m/B   7-2-58

**STATEVILLE C.C.**

State of Illinois – DEPARTMENT OF CORRECTIONS

Facility:

CORRECTIONAL CENTER

follow up
11-8-06
DID Not
happen

## EQUEST FOR CONSULTATION – REPORT OF CONSULTATION

Inmate's Name _Jackson Romeo_   Inmate's Number _P43511_

LLC  orthopedic Surgery   11-1-06

Consult Requested by: _P Ghosh_   Date: _9/12/6_   **URGENT** ( ) YES ( ) NO

Reason For Consult: (List problem) Bilateral exostosis
causing painful calluses on @ foot
For Surgical Removal
@ Hallux + 1st metatarsal
exostotomy partial 4th met-
tarsal head

( ) Evaluation

( ) Management

Report of Consultant (Use Reverse Side If Necessary)

Findings:

MAKE A COPiE
AND Return
to me (
ONLY COPY

Assessment:   Post-op
Sesamoidecto
3rd hammertoe correction
4th metatarsal head resection

Recommendations/Plans: 1) Keep dressing dry. Protected weight bearing
2) Clindamycin 450 mg Q8 hrs × 7 days
3) F/U clinic on November 8. In AM

Date: _11-1-06_

_Bat F.B._ M.D.
(Signature of Consultant)

FOR CORRECTIONAL CENTER MEDICAL DIRECTOR ONLY:

☑ I have reviewed the recommendations contained in this report and approve them.

☐ I have reviewed the recommendations and disapprove or choose to revise them for the following reason:

Date: _11/2/6_

_P6ll_
(Signature of Medical Director)

DC 7105-A1 (Rev. 01/89)
IL 426-0027

33

DAVISON
JT 01/06/89
7105 - Forms 8

EX-14    7-2-58  M/13

STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS

follow up
12-11-06
NO Appt in 4 wks

| Facility  Stateville |
| Correctional Center |

## ~~REQ~~UEST FOR CONSULTATION — REPORT OF CONSULTATION

Inmate's Name __Jackson Romeo__          Inmate's Number __B63511__

__UIC    Podiatry      F/u__          ~~11-30~~  12-11-06

Consult Requested By: __PG HOLA__     Date: __11/2/6__     URGENT
                                                  (·) YES  ( ) No

Reason for Consult: (List Problem) __Post Sesamoidectomy 1st hallux__
__3rd hammertoe correction of 4th metatarsal__
__head resection ℞__

( ) Evaluation
( ) Management     __Post op F/u__          __P6U~~~~__

FINDINGS: __Edema delay wound healg c soft gshn__

Report of Consultant (Use Reverse Side if Necessary)

ASSESSMENT: __edema c dday wound healg + edema__

__next appt: 4 weeks - please call UIC at 312-996-1300__

RECOMMENDATIONS/PLANS:   1. __JOBST stocking 20/30 MED hose__
5. __PROVIDE__                                              __℞__
__Conform 1270__    2. __Clindamycin 450 mg tabs__    4. __Physical Therapy__
__Shoes__           3. __Rest prn__                   3 x /week Therer
Date: __12-11-06__                                    M.D. Condition
                    _____           Whirlpool eval
                    (Signature of Consultant)         6 week bi

FOR CORRECTIONAL CENTER MEDICAL DIRECTOR ONLY:

☐  I have reviewed the recommendations contained in this

☑  I have reviewed the recommendations and disapprove
   exce...

All order's
Denied
except #2!
Received 11 Dys
later!

...llowing reason:

...y at
...after
...8 wk PT

Date: __12-12-06__          __P6U~~~~__

OC 7105-A1 (Rev. 01/87)     34          (Signature of Medical Director)

*Ex - 15*

*Received*
*12/17/07*

GRIEVANCE

12-04-07

Romeo Jackson
B43511
Dated 11-15-07
11-15-07 To AW Wright


I investigated this grievance.
This is the fourth grievance that I have answered with the same issues.

He is requesting to see a foot doctor and he wants special shoes.

I reviewed his chart.
I spoke with the physician.

There is no medical indication for the patient to have special shoes.
If he has any other foot problems he knows how to access care. He can be seen by the in house physician.

Thank you.

*C. Vance NCUA*

C. A. Vance, RN, MSN, HCUA

35

EX – 15 A

Ms. Vance:
Medical Admin.


Dear Ms. Vance:


I hope that this letter will find you in the best of health and
spirit.

This is my ~~second~~ *Fourth* letter to your office about medical related
issues.
My. first letter was addressed to Dr. Mitchell about this matter,
however you have taking her place and I did not receive any
reply.

I am writing this letter with concerns about the medical department
not repling to the grievances that were sent to the medical
department. I have filed three grievances dealing with my medical
issues and as of this day I have not received any reply. My
counselor states that she is waiting for a replyfrom the medical
department.

I filed my first grievance Jan-07, my second grievance June-07,
my counselor Ms. Haan made her reply and it was sent to the grievance
office and again no reply. My last grievance was filed as an
emergency to Warden McCaan September 15, 2007 and there has not
been any reply to date.

This is my fourth letter trying to see the foot doctor as well as
about the shoes that your department refuse to order. Dr. Ghosh
has refuse to make an appointment for me to see Dr. Fried at UIC
so he can correct the foot problem that I have. These shoes were
ordered in December-06 and noe I will have to undergo another
surgery to correct the situation since your department refused to
order the shoes.

I would appreciate if you would send me something in writing as
to why I have not received a reply to my grievances and why
Dr. Ghosh has refused to send me back to UIC and why they refuse
to order the shoes that UIC ordered.

Respectfully Sybmitted,
Romeo Jackson
Reg No. B43511
POB-172
Joliet, Ill
60434

36

November 15, 2007

$Ex-15b$

Warden Wright
Warden of Programs



Dear Warden Wright:

I hope that this letter will find you in the best of health and spirit.

I would appreciate if you would ask somebody in the medical department to reply to my grievances that are in their office. Per the ICLS the grievance office has 90dys to reply to a inmates grievance and this is not taking place, "WHY"!

I have followed all the rules for the grievance process and no one will reply. My counselor states that she is waiting for a reply from the medical department, so what more do I have to doin order to get a reply.

I filed my first grievance in Jan-07, with no reply. My second grievance was filed June-07 & Ms.Haan made her reply and it was sent to the grievance officeand again no reply. My last grievance was filed as an emergency grievance to Warden McCaan and as of this day I have not received any reply. How am I suppose to follow the rules if your staff refuse to comply with the rules as well as respect them. Your imput in this matter is very much needed.

I will await your reply!


Respectfully Submitted,

Romeo Jackson
Reg No. B43511
POB-112
Joliet, Ill
60435



37

October 16,2007

EX - 16

Dr.Mitchell    ADMIO
Acting Medical ~~Director~~

Dr.Mitchell:

I hope that this letter will find you in the best of health and spirit.

I am writing this letter with concerns about the medical department not replying to the grievances that were sent to the medical department. I have filed three grievances dealing with medical and as of this day I have not gotten any reply. My counselor has stated to me that she is waiting for a reply from the medical department.

This is my third letter to you about getting to see the foot doctor as well as about the shoes that your department did not order. I request that my grievances be answered and that an appointment be made for me to see Dr.Fried at UIC so he can correct the foot problem that I have.

I would appreciate if you would send me something in writing as to why I have not received the shoes and why I have not been sent back to UIC to see the foot doctor.

Respectfully Submitted.

Romeo Jackson
Reg No.B43511
POB-112
Joliet,Illinois
60434

38

$Ex - 17$

Warden V.Wright
Warden of Program

Warden Wright:

I hope that this letter will you and your staff in the best of
health and spirit.

I would appreciate if you would ask somebody in the medical
department to reply to the grievances that are in their office.
Per the ILCS the grievance office has 90dys to reply to a inmates
grievance and this is not taking place, "WHY".

I have followed all the rulesfor the grievances process and no
one will reply. My counselor stated that she is waiting for a
reply from the medical department so what more do I have to do to
get a reply?

I filed my first grievance Jan-07 with no reply, my second grievance w
was filed June-07 and Ms.Haan made her reply and it was sent to
the grievance office again NO reply, my last grievance was filed
as an emergency to K1 and as of this day no reply. How am I
suppose to follow the rules if your staff do not follow them as
well as respect them?

I will await your reply!

Respectfully Submitted,

Romeo Jackson
Reg No.B43511
POB-112
Joliet,Illinois
60434

39

EX - 18

Tammy Garcia:
Grievance Officer


Ms.Garcia:

I hope that this leeter will find you in the best of health and
spirit.

I am writting this letter with concerns about my grievance's that
I have wrote and have not received any reply. I filed my first
grievance in Jan-07, and my second one in June-07, my counselor
Ms.Haan wrote her reply and I sent it to your office. All of the
grievances are for medical! My last grievance was filed as an
emergency grievance to K1 on September 15,07 and there was no
reply.

Why is it taking so long for the medical Department to reply to
the grievances? Per the ILCS your office has 90dys to reply to an
inmates grievance and as you can see it has been more than 90dys.

I would appreciate if you will send me something in writing as
why it is taking so long and when will I receive a response.


Respectfully Submitted,

Romeo Jackson
Reg No.B43511
POB-112
Joliet,Illinois
60434

42

Ex–19

Tammy Garcia
Grievance Officer


Dear Ms.Garcia:

I hope that this letter will find you in the best of health and
spirit.

I am writting this letter with concerns about my grievance's that
I have wrote and have not received any reply. I filed my first
grievance in Jan-07, and my second one in June-07, my counselor
at that time was Ms.Haan wrote her reply and I sent it to your
office. All of the grievances are for medical! My last grievance
was filed as an emergency grievance to Warden McCaan on September
15,2007 and there has been no reply.   .

Why is it taking so long for the medical department to reply to
the grievance? Per the ILCS your office has 90dys to reply to an
inmates grievance and as you can see it has been more than 90dys.

I would appreciate if you will send me something in writing
saying that the medical dept. has not replied, and or leting me
know why it is taking so long to receive a reply.

Respectfully Submitted,

Romeo Jackson
Reg No.B43511
POB-112
Joliet,Ill
60434

41

November 15, 2007

Ex - 20

Warden Wright
Warden of Programs


Dear Warden Wright:

I hope that this letter will find you in the best of health and spirit.

I would appreciate if you would ask somebody in the medical department to reply to my grievances that are in their office. Per the ICLS the grievance office has 90dys to reply to a inmates grievance and this is not taking place, "WHY"!

I have followed all the rules for the grievance process and no one will reply. My counselor states that she is waiting for a reply from the medical department, so what more do I have to doin order to get a reply.

I filed my first grievance in Jan-07, with no reply. My second grievance was filed June-07 & Ms.Haan made her reply and it was sent to the grievance officeand again no reply. My last grievance was filed as an emergency grievance to Warden McCaan and as of this day I have not received any reply. How am I suppose to follow the rules if your staff refuse to comply with the rules as well as respect them. Your imput in this matter is very much needed.

I will await your reply!


Respectfully Submitted,

Romeo Jackson
Romeo Jackson
Reg No. B43511
POB-112
Joliet, Ill
60435

42

EX-21

Ms.Vance:
Medical Admin.


Dear Ms.Vance:


I hope that this letter will find you in the best of health and
spirit.

This is my ~~second~~ Fourth letter to your office about medical related
issues.
My. first letter was addressed to Dr.Mitchell about this matter,
however you have taking her place and I did not receive any
reply.

I am writing this letter with concerns about the medical department
not repling to the grievances that were sent to the medical
department. I have filed three grievances dealing with my medical
issues and as of this day I have not received any reply. My
counselor states that she is waiting for a replyfrom the medical
department.

I filed my first grievance Jan-07, my second grievance June-07,
my counselor Ms.Haan made her reply and it was sent to the grievance
office and again no reply. My last grievance was filed as an
emergency to Warden McCaan September 15,2007 and there has not
been any reply to date.

This is my fourth letter trying to see the foot doctor as well as
about the shoes that your department refuse to order. Dr.Ghosh
has refuse to make an appointment for me to see Dr.Fried at UIC
so he can correct the foot problem that I have. These shoes were
ordered in December-06 and noe I will have to undergo another
surgery to correct the situation since your department refused to
order the shoes.

I would appreciate if you would send me something in writing as
to why I have not received a reply to my grievances and why
Dr.Ghosh has refused to send me back to UIC and why they refuse
to order the shoes that UIC ordered.

Respectfully Sybmitted,

Romeo Jackson
Reg No.B43511
POB-112
Joliet,Ill
60434

43

November 15, 2007

Ex - 22

Ms. Anna Dockery
Correctional Counselor #2


Dear Ms. Dockery:

I hope that this letter will find you in the best of health and
spirit.

I would appreciate if you will send me something in writing
stating that my grievances are still pending and that you are
waiting for a reply from the medical department.

I will await your reply!

Respectfully Submitted,

Romeo Jackson
Reg No. B43511
POB-112
Joliet, Ill
60434

44

Ex - 23

# FROM THE DESK OF
# ANNA DOCKERY
# CORRECTIONAL COUNSELOR II

**TO: Romeo Jackson – B43511 – D153**

**Per the Grievance Office you should receive a response
to your grievance in the next couple of days.**

*Received
11/15/07*

45

September 16, 2007

Ex-24

Received
11/16/07

Warden T.McCain
POB-112
Joliet,Illinois
60434


RE: GRIEVANCE PROCESS / MEDICAL


Dear Warden McCain:

Ihope that this letter will find you in the best of health and
spirit. I know that you are a very busy person, however I was
told to address my issue to you & that you would look into this
matter.

On November 01,2006 I was sent to UIC for surgery on my (L) foot.
I was to return back to UIC one week later, but that did not
happen. I went back to UIC on December 11,2006 at which time the
doctor's at UIC wrote an order for them to order me some shoes,
along with some other medicaltreatments as well. As of this day
none of the orders were filled and as you can see it has been 9
months and I seill do not have the medical shoes that were ordered
by the UIC doctors.

I filed my first grievance in Jan 07, and I have not received any
replyas of this date. My second grievance was filed in June 07,
and the counselor Ms.Haan wrote her reply and sent it back to me.
I sent the grievance to the grievance office and I have not
received any reply & it's been over 90 days. My counselor Ms
Dockery has stated that the grievance office is still waiting for
a reply from Dr.Ghosh. The grievnace process has 90days to comply
and they have not. The real question here is (WHY) is Dr.Ghosh
just holding the grievances and not replying to them. I know that
I cant speak for anyone else, but there are other inmates who are
waiting for a reply and have not received one from the grievance
office.

SO I ask you Warden after following the rules and procedures for
thegrievance process what am I suppose to do? I cant go forward
in this process without a reply.
I will await your reply!
Sincerely:
Romeo Jackson
Reg No.B43511
D-House:153

EX-25

This is
Something I
got at
preserved

facto clause." The court reached ... clusion because denial of parole ... part of a defendant's punishment.

The court held that Morales is entitled to annual parole hearings but points out it makes no finding as to the wisdom of actually releasing him on parole. See: *Morales v. California Dept. of Corrections*, 16 F.3d 1001 (9th Cir. 1994).

# Delay in Treatment States Claim

Dean Delker is an Oregon state prisoner. He filed suit under § 1983 seeking injunctive and monetary relief from prison officials who refused to authorize surgery to treat his inguinal hernia (this is a hole in the abdominal wall where the intestine pokes through; it is easily treated but left untreated causes extreme pain and even death). After the suit was filed Delker was operated on. After a bench trial the court found John Vargo, the chief medical officer at the Oregon State Penitentiary (OSP), to be liable for delaying the surgery that Delker required.

A consulting doctor recommended that Delker receive surgery to reduce the hernia. Delker was told he was being placed on a waiting list and that he might not receive the surgery because the prison was on a tight budget. After seven months of waiting Delker wrote the prison superintendent noting he had yet to receive medical treatment for his hernia which was constantly bothering him. Dr. Vargo replied to the effect that he had received proper medical care and that his hernia was not an emergency and was classified as elective surgery.

After the action was filed Delker was assigned to the prison general labor pool with no restrictions on his physical activities. After continued complaints he was given a weight lifting restriction and a truss, which the defendants told the court were unnecessary. The court appointed an independent medical expert to examine Delker. The concluded Delker suffered from a hernia which presented a well defined risk of bowel strangulation and was itself painful and limited activity. He recommended surgery. The defendants disagreed with his conclusions and cited "strategic legal reasons" in authorizing the surgery.

The court disagreed with the defendants' contention that Delker had not been injured by the two year delay in treatment finding that while he did not suffer long term physical harm the pain and suffering he endured while awaiting surgery was indeed compensable harm.

A total of three doctors who testified at the trial agreed that surgery was the standard treatment for this type of hernia though some patients may chose to forego it. But OSP prisoners have no choice in accepting or foregoing surgery because Dr. Vargo had established a de facto policy of never authorizing surgery for hernias. The court rejected the defendants' excuses for not performing hernia surgery on prisoners because prison officials simply could not refuse to treat hernias. The court was disturbed by testimony that in effect there is no "waiting list" for surgery at OSP. Dr. Vargo conceded at trial that prisoners placed on the waiting list would never receive surgery, no matter how long they waited, unless the condition deteriorated to the point that immediate surgery was required.

The court denied Vargo qualified immunity for his actions in this case. The court held that the law is clearly established that prisoners must receive necessary medical treatment. Given the facts of the case: that Vargo was aware of Delker's hernia and the need for treatment but nonetheless refused to provide such treatment because he had a de facto policy of not paying for such operations in order to minimize the cost of medical care for prisoners. No public official would have believed this conduct to be lawful, this was aggravated by prison officials lying about the existence of a "waiting list" for treatment.

The court notes that in this case the doctors' medical recommendations were tempered by economic and legal considerations. A reviewing court is not bound by doctors' legal opinions as to the state's duty to provide medical care to prisoners. The court rejected the defendants' claim that prison officials must only provide care for life threatening conditions. Vargo violated Delker's rights by establishing a rigid rule denying treatment regardless of prisoners' complaints of pain and incapacitation.

Also rejected was prison officials' attempt to avoid their duty to provide medical treatment by labeling such treatment as "elective" rather than necessary. The court awarded Delker $5,000 in compensatory damages. See: *Delker v. Maas*, 843 F. Supp 1390 (DC OR. 1994).

47

IN THE
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

**FILED** MHK

MAY 2 2008 *acw*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ROMEO JACKSON )
     PLAINTIFF, )
                )
                )
) )
     VS. )
                )
                )
ILLINOIS DEPARTMENT OF CORRECTIONS )
     DEFENDANTS. )

08CV2597
JUDGE ANDERSEN
MAG. JUDGE SCHENKIER

## NOTICE OF FILING
## AND PROOF OF SERVICE

TO:

Clerk of the U.S.District Court
Prisoner Correspondence
219 S.Dearborn Street
Chicago,Illinois
60604

     Please be advised that I shall file with the Clerk of the
U.S.District Court of Illinois the attached complaint 42 USC 1983
and supporting documents.

     This certifies that I have served the above named parties
with a copy of said complaint, by enclosing same in envelopes,
properly addressed, postage prepaid, and by depositing said
envelopes in the mail via the U.S.mail, by way of the Stateville
Correctional Center on April 22,2008

                         s/s Romeo Jackson
                                Romeo Jackson
                                Reg No.B43511
                                POB-112
                                Joliet,Illinois
                                60484

Subscribed and Sworn to befor me
this 18th day of April ,2008

           NOTARY PUBLIC

"OFFICIAL SEAL"
JILL E. HOSSELTON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3/16/09