## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2597 | **DATE** | May 29, 2008 |
| **CASE TITLE** | Romeo Jackson (#B-43511) vs. Illinois Dept. of Corrections, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The complaint is dismissed on initial review as to the Illinois Department of Corrections and the Illinois Dept. of Corrections Health Unit pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is directed to: (1) add Warden Dominguez and C.A. Vance as defendants; (2) issue summonses for service on the defendants by the U.S. Marshal; and (3) send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [For further details see text below.]                                Docketing to mail notices.

### STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers at the Stateville Correctional Center, have violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he has received inadequate treatment and accommodations for severe foot and leg problems.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Although the plaintiff has already paid the statutory filing fee, the plaintiff has demonstrated that he is indigent. *In forma pauperis* status may affect such future considerations as the plaintiff's eligibility for court-appointed, *pro bono* counsel.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated a colorable federal cause of action. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). The fact that a prisoner received **some** medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate"
**(CONTINUED)**

mjm

**STATEMENT (continued)**

treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action" as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999). It should be noted that neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Estelle*, 429 U.S. at 106; *Greeno*, 414 F.3d at 653. Nevertheless, it is not the case that the plaintiff in this case could prove "no set of facts" entitling him to relief. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Thus, while a more fully developed record may establish that the plaintiff has received constitutionally adequate medical care, the defendants must respond to the complaint.

However, the complaint is dismissed on initial review as to the Illinois Department of Corrections and the Illinois Department of Corrections Health Care Unit. The Eleventh Amendment bars private litigants' suits against the State, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). State agencies, as "arms of the state," and state officials in their official capacities are also immune from suit under the Eleventh Amendment. *Id.* (citations omitted). Additionally, the Supreme Court has ruled that states and their departments are not "persons" within the meaning of § 1983. *Id., citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). The plaintiff may sue only the individuals who have allegedly acted with deliberate indifference to his serious medical needs.

In docketing the case, the clerk overlooked two defendants. The clerk is directed to add Warden Dominguez and C.A. Vance as defendants.

The clerk shall issue summonses forthwith. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, the Illinois Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the original plus a judge's copy of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on his behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Dated:   May 29, 2008

*[signature: Charles P. Kocoras]*

**CHARLES P. KOCORAS**
**U.S. District Court Judge**