IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROMEO JACKSON, | ) | |
| Plaintiff, | ) | No.08-C-2597 |
| v. | ) | Judge Charles P. Kocoras |
| ILLINOIS DEPARTMENT OF CORRECTIONS, et al., | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS OF DR. PARTHA GHOSH, DR. EVARISTO AGUINALDO AND LATANYA WILLIAMS**

Defendants, DR. PARTHA GHOSH, DR. EVARISTO AGUINALDO and LATANYA WILLIAMS, by their attorneys, CHARYSH & SCHROEDER, LTD., pursuant to FRCP 12(b)(6), for their motion to dismiss plaintiff's complaint, state as follows:

**AS TO DR. GHOSH AND DR. AGUINALDO**

1.      According to plaintiff's complaint, on November 1, 2006, he underwent foot surgery at University of Illinois-Chicago, by Dr. Fried.  (See Exhibit 13, attached to plaintiff's complaint.)  Exhibit 13 also indicates that Dr. Fried made post-surgical recommendations, to include: dry dressings with no weight bearing, a prescription for medication, and follow-up at the clinic on November 8, 2006.  Exhibit 13 further indicates that on November 2, 2006, Dr. Ghosh reviewed Dr Fried's recommendations, and approved them.  Although it is unknown specifically why plaintiff was not taken

back to UI-C for follow-up treatment on November 8, 2006, Dr. Ghosh clearly authorized that the follow-up treatment be given, according to Exhibit 13.

    2.    Plaintiff's complaint further alleges that on December 11, 2006, he was seen in follow-up by Dr. Fried at UIC. (See Exhibit 14, attached to plaintiff's complaint.) Exhibit 14 confirms that Dr. Ghosh requested the consultation on November 2, 2006, as indicated in Exhibit 13. Exhibit 14 also sets forth certain additional recommendations by Dr. Fried, to include: a JOBST stocking, a prescription of the same medication, rest, physical therapy, and shoes identified in the medical record as "Conform 1270 shoes". Additionally, Exhibit 14 shows that on December 12, 2006, Dr. Ghosh reviewed these recommendations and made the medical decision not to approve certain items listed by Dr. Fried. He did concur with the recommendation for prescription medications. Although Dr. Ghosh had legitimate reasons for not approving the items identified in Exhibit 14, for purposes of this motion to dismiss, it is sufficient to show that he timely reviewed the medical recommendations of Dr. Fried, and that he made a timely affirmative medical decision not to approve certain of the recommendations.

    3.    Similar to his complaints against Dr. Ghosh, the plaintiff also asserts that Dr. Aguinaldo refused to provide shoes for him. He also claims that Dr. Aguinaldo did not properly treat a testicular problem. Plaintiff does not claim that Dr. Aguinaldo refused to treat him for these conditions. Rather, he complains that he did not provide the type of specific treatment which plaintiff, an individual with no apparent medical training, thought was necessary.

    4.    Plaintiff, at pages 7-9 of his complaint, essentially claims that both Dr. Ghosh and Dr. Aguinaldo were deliberately indifferent to plaintiff's medical needs, <u>and</u>

that they were negligent relative to his medical treatment. Clearly, with regard to the claims of medical negligence, which are governed by the requirements of Illinois law, plaintiff is required to provide the appropriate medical report from a reviewing health professional, pursuant to 735 ILCS 5/2-622. Plaintiff simply has not done so. On this basis alone, his complaint should be dismissed, or, at the very least, all allegations of negligence should be stricken.

5. In Illinois, pursuant to **735 ILCS 5/2-622**, in any action, whether in tort, contract or otherwise, in which a plaintiff seeks damages for injuries or death by reason of medical, hospital, or other malpractice, the plaintiff's attorney must attach to the complaint an affidavit declaring that he has consulted with a health care professional who is knowledgeable in the relevant issues, meets certain other qualifications, and that the health professional has determined in a written report that there is a reasonable and meritorious cause for the filing of such an action, or that counsel was unable to obtain such consultation because the Statute of Limitations would impair the action.

6. While the requirements of **735 ILCS 5/2-622** are clearly state law pleading requirements, the Seventh Circuit has implicitly held that Section 2-622 applies in Federal Court based on state law claims. **Sherrod v. Lingle**, 223 F.3d 605 (7th Cir. 2000).

7. Failure to file an affidavit and report in compliance with Section 2-622 requires dismissal of the action. See **735 ILCS 5/2-622(g)**.

8. With regard to plaintiff's claims of deliberate indifference on the part of Dr. Ghosh and Dr. Aguinaldo, these too should be dismissed. Plaintiff's complaint does not plead facts which rise to the degree of deliberate indifference, as defined by the

relevant case law, nor do they connote anything more than a difference of opinion of these doctors relative to the medical treatment of plaintiff.

9. A serious medical condition need not be life-threatening. However, in order for a condition to be deemed serious, it should constitute a denial of "the minimal civilized measure of life's necessities." **Johnson v. Snyder**, 444 F.3d 579 (7th Cir. 2006). Based upon the facts as plead in the case at bar, there is no objective basis to support a showing that anything that Dr. Ghosh or Dr. Aguinaldo did, or did not do, constituted a denial of the "minimal civilized measure of life's necessities", as enunciated in **Johnson v. Snyder, supra.** Deliberate indifference constitutes the unnecessary and wanton infliction of pain. **Estelle v. Gamble**, 429 U.S. 97 (1976). Furthermore, deliberate indifference indicates a culpable state of mind, something akin to criminal recklessness, which requires that the defendant be aware of and disregard an excessive risk of serious harm to the inmate. **Norfleet v. Webster**, 439 F.3d 392 (7th Cir. 2006). Again, plaintiff has plead no facts to suggest that such was the case.

10. At most, all that plaintiff has really plead as to both Dr. Ghosh and Dr. Aguinaldo, is the fact that they had different opinions regarding his treatment than some of those expressed by Dr. Fried. Allegedly inadequate treatment due to negligence, inadvertence, or difference in judgment between an inmate and medical personnel does not rise to the level of Constitutional violations. Nor does mere difference of opinion among medical personnel regarding a patient's treatment give rise to deliberate indifference. **Garvin v. Armstrong**, 236 F.3d 896 (7th Cir. 2001). Furthermore, evidence of differences of opinion as to whether one course of treatment is preferable to

4

another is insufficient to state a Constitutional claim under the Eighth Amendment. **Snipes v. DeTella**, 95 F.3d 586 (7th Cir. 1996).

WHEREFORE, defendants, DR. PARTHA GHOSH and DR. EVARISTO AGUINALDO, pray that this Court enter an order dismissing plaintiff's complaint, with prejudice, as it relates to them.

### AS TO LATANYA WILLIAMS

1. In the portions of plaintiff's complaint entitled "PARTIES" and "STATEMENT OF FACTS", plaintiff refers to a person identified as a "Dr. Williams". In the portion of his complaint entitled "DR. WILLIAMS", located at page 9, plaintiff makes allegations, in paragraphs 1-4, that he expressed his medical concerns to a "Dr. Williams". However, on the following page 10, beginning with paragraph 18, he inexplicably begins to describe conduct on the part of a "Dr. Mitchell". Thereafter, at pages 12 and 13, plaintiff again describes alleged conduct of "Dr. Williams". As such, it would appear that plaintiff's pages of his complaint are improperly arranged and misnumbered, and that plaintiff should be required to rearrange and renumber the pages of his complaint, so that it is clear as to what he is alleging as to each specific defendant.

2. Additionally, and much more important, is the fact that plaintiff is apparently directing his allegations toward a medical doctor identified only as "Dr. Williams", without identifying a first name of such individual. Thereafter, a waiver of service was issued to "Dr. Williams". The defendant, LaTanya Williams, was apparently later determined to be the person whom plaintiff intended to sue, and a waiver of service

was signed by her.  A copy of the waiver of service is attached to this motion as Exhibit A.

      3.    As indicated by the waiver of service signed by LaTanya Williams, she is not a medical doctor.  Nor is she a trained nurse.  She is identified as a physician's assistant.  As such, she would have no legal authority to provide the type of treatment alleged in plaintiff's complaint without specific orders from other qualified medical personnel, if, in fact, this individual is the person that plaintiff refers to as "Dr. Williams".  Based upon the above, and assuming that LaTanya Williams is the individual whom plaintiff intended to sue, his complaint against her should be dismissed, in that she had no legal authority to provide the treatment, or to prescribe the medications and shoes, which plaintiff claims he was deprived.

      WHEREFORE, defendant, LATANYA WILLIAMS,, prays that this Court enter an order dismissing plaintiff's complaint, with prejudice, as it relates to her.

                                            CHARYSH & SCHROEDER, LTD.

                                            /s/William Michael LeCrone

CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street
Suite 1300
Chicago, Illinois  60602
(312) 372-8338
Michael J. Charysh, ARDC #6187455
William Michael LeCrone, ARDC # 6182862

6

**PROOF OF SERVICE BY ELECTRONIC FILING AND U.S. MAIL**

The undersigned attorney certifies that on September 2, 2008, this motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record at the email addresses indicated above; this notice, and the documents referred to therein have also been served on all parties not electronically served by causing a copy of the same to be placed in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois on or before 5:00 p.m. on September 2, 2008, with proper postage prepaid.

　　　　　　　　　　　　　　　　　　　　　　　s/ William Michael LeCrone

Form AO-399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
(DISTRICT)

### Waiver of Service of Summons

TO: Romeo Jackson
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Dr. Williams, Stateville Correctional Center [Lataynia PA] acknowledge receipt of your request that I waive
(DEFENDANT NAME)

service of summons in the action of Romeo Jackson vs. Illinois Dept. of Corrections, et al.
(CAPTION OF ACTION)

which is case number 08C2597 in the United States District Court for the
(DOCKET NUMBER)

Northern District of Illinois.
(DISTRICT)

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after June 4, 2008
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

6-16-08    LaTanya Williams, PAC
DATE       SIGNATURE

Printed/Typed Name: LaTanya Williams, PAC

As _____ of _____
   TITLE                      CORPORATE DEFENDANT

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown to its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.



DEFENDANT'S EXHIBIT A